Filed 6/13/25  P. v. Jones CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>THOMAS JONES,<br><br>    Defendant and Appellant. | 2d Crim. No. B334989<br>(Super. Ct. No. 23CR06348)<br>(Santa Barbara County) |

Thomas Jones appeals a judgment following his conviction of driving under the influence of alcohol (Veh. Code,[1] § 23152, subd. (a)) (count 1) and driving with a suspended license for a prior driving under the influence of alcohol conviction (§ 14601.2, subd. (a)) (count 2).  The trial court found there were aggravating factors, including that Jones had three prior convictions.  It sentenced him to three years, with 18 months to be served in custody and the remainder on mandatory supervision.  The court also imposed a number of fines, including a $1,690 fine

---

[1] All statutory references are to the Vehicle Code.

purportedly under section 23552. We conclude the $1,690 fine is unauthorized because the maximum fine under that section is $1,000. We remand to the trial court with instructions that the court retains discretion to correct the record and impose fines supported by statutory authority. If the court elects to impose a fine under section 23552, it may not impose a fine that exceeds $1,000. In all other respects, we affirm.

FACTS

At 11:40 p.m., on September 17, 2023, California Highway Patrol Officer Brian Hanrahan saw a Nissan Versa traveling in excess of 100 miles per hour on a stretch of highway where the speed limit is 65 miles per hour. The car was weaving across highway lanes.

Hanrahan conducted a traffic stop. Jones was the driver. Hanrahan suspected Jones was under the influence of alcohol. He smelled alcohol in the car. Jones's eyes were "watery," his speech was "slurred," and there was vomit on his shirt and pants. Jones said he was coming from the Chumash Casino and was going home.

Hanrahan administered roadside field sobriety tests. He conducted a horizontal gaze nystagmus test. Jones's performance showed a "level of impairment" consistent with a "blood alcohol concentration above the legal limit." Hanrahan conducted a Romberg test where Jones had to close his eyes, tilt his head, and "estimate thirty seconds." Jones's performance showed his impairment due to alcohol.

Jones was arrested. Hanrahan advised him that the law required that he take a chemical test to determine the alcohol content of his blood. Jones refused to take the test. He was

2

advised that he had the choice of a blood test or a breath test. Jone refused to take either test.

Jones pled guilty to count 2, driving while his license was suspended for a prior driving under the influence of alcohol conviction. He went to trial on count 1, driving under the influence of alcohol. (§ 23152, subd. (a).) The jury found him guilty and found he refused the officer's request to submit to chemical tests (§ 23577) and drove at excessive speeds on the freeway.

## DISCUSSION

### *The $1,690 Fine*

The trial court imposed a $1,690 fine pursuant to section 23552. But that section provides that a fine of "not more than one thousand dollars ($1,000)" may be imposed. (*Id.*, subd. (a)(1).) Because this fine exceeds the statutory $1,000 maximum, it is unauthorized under that section. (*People v. Scott* (1994) 9 Cal.4th 331, 354.) The parties agree the case must be remanded to the trial court.

The People claim that had the trial court known about that limit, it could have either: 1) imposed a $1,000 fine under section 23552 and added $690 in fines based on "mandatory state and local penalty assessments" or other statutory authority, or 2) decided to limit the fine to $1,000. They argue that because the record is unclear, a remand is necessary for the court to "clarify" its intent. We agree.

## DISPOSITION

The case is remanded to the trial court with instructions to clarify why it imposed a $1,690 fine and what statutory authority supports it. The court retains discretion on remand to correct the record and impose fines that are supported by statutory

3

authority.  If it elects to impose a fine under section 23552, it may not impose a fine greater than $1,000.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

BALTODANO, J.

4

Stephen Foley, Judge

Superior Court County of Santa Barbara

_____

David Andreasen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and William H. Shin, Deputy Attorneys General, for Plaintiff and Respondent.